IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTOPHER LANE, :
 :
    Plaintiff, :
 :
v. : CIVIL ACTION NO.
 : 1:10-CV-2385-RWS
WELLS FARGO HOME :
MORTGAGE, :
 :
    Defendant.

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Complaint [2].  After reviewing the record, the Court enters the following Order.

### **Background**

On July 30, 2010, Plaintiff Christopher Lane ("Plaintiff"), proceeding *pro se*, filed the instant civil action against Defendant Wells Fargo Home Mortgage ("Defendant").  (See Dkt. No. [1]).  In the Complaint, Plaintiff discusses the circumstances surrounding a January 31, 2008 loan ("the subject loan") obtained from Wells Fargo Home Mortgage, which allowed Plaintiff to purchase property located at 5960 Sunflower Court, Ellenwood, Georgia ("the

AO 72A
(Rev.8/82)

subject property"). (Dkt. No. [1] at 2). Although unclear, Plaintiff appears to assert that Defendant violated various federal laws[1] by inflating the appraisal of the home, charging excessive fees, not disclosing closing documents, and failing to provide proper notice of the loan's assignment. (See Dkt. No. [1] at 2-3, 13-14, 20). Plaintiff also asserts that Defendant committed fraud and usury. (See Dkt. No. [1] at 2-3, 13-14, 20). Plaintiff seeks damages for violation of RESPA and TILA as well as rescission of the loan agreement pursuant to TILA. (Dkt. No. [1] at 3-4).

On September 21, 2010, Defendant filed the present motion to dismiss Plaintiff's complaint in accordance with Federal Rule of Civil Procedure 12(b)(6). (See Dkt. No. [2]). Plaintiff has filed no response to this motion. Therefore, pursuant to the local rules of this Court, the instant motion is deemed unopposed. LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). However, courts generally do not grant a motion to dismiss based on a *pro se* plaintiff's failure to respond to the motion. Daniel v. United States, 891 F. Supp. 600, 602 n.1 (N.D. Ga. 1995)

---

[1] Plaintiff lists a number of federal laws throughout the complaint, including the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); TILA's implementing regulation, Regulation Z, 12 C.F.R. § 226.1 et seq.; and the Real Estate Settlement Procedures Act, 12 U.S.C. § 1601 et seq. ("RESPA"). (See generally Dkt. No. [1]).

2

(stating that a motion to dismiss for failure to state a claim cannot be granted on the basis that the plaintiff fails to respond); see also Johnson v. Am. Meter Co., 412 F. Supp. 2d 1260, 1262 n.3 (N.D. Ga. 2004) (addressing merits of motion to dismiss despite plaintiff's failure to timely respond to such motion).  As such, the Court will address the merits of Defendant's motion.

## Discussion

**I.     Standard for Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Id.

3

At the motion to dismiss stage, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Although *pro se* pleadings are to be liberally construed, this "leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action . . . ." Brown v. One Beacon Ins. Co., 317 F. App'x 915, 917 (11th Cir. 2009) (citing GJR Invs., Inc. v. County of Excambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)). Rather, *pro se* litigations are required to comply with minimum procedural rules that govern pleadings. Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005).

**II.     Sufficiency of Plaintiff's Claims**

   A.     RESPA Claim

Plaintiff's RESPA claim appears to be that the subject loan was transferred to Defendant without proper notice. (See Dkt. No. [1] at 2). While the Court is compelled to accept the facts in the Complaint as true in considering a motion to dismiss, those alleged facts can be trumped by contradictory facts presented in an exhibit or attachment to the pleadings. See Indulgence Yacht Charters Ltd. v. Ardell Inc., No. 08-60739, 2008 WL 4346749, at *4 (S.D. Fla. Sept. 16, 2008) (citing Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007)). Here, the security deed guaranteeing the subject loan makes clear that the subject loan was never transferred at all, as the security deed executed on January 31, 2008 reflects that Defendant was the original lender. (See Dkt. No. [2-4] at 1).[2] Moreover, the Complaint itself

---

[2] Typically, a court should not consider matters outside the pleadings when considering a party's motion to dismiss under Rule 12(b) without treating the motion as one for summary judgment. FED. R. CIV. P. 12(d). However, the court may consider document attached to, or incorporated by reference in, a dismissal motion without converting motion into one for summary judgment if the document is (1) central to the plaintiff's claim and (2) undisputed, i.e., its authenticity is not challenged. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, given that the present motion is unopposed and the sufficiency of Plaintiff's RESPA claim relies on the identity of the original grantee of the security deed, the Court finds it unnecessary to convert Defendant's motion to dismiss into a motion for summary judgment.

5

identifies Defendant as the originator of the loan, alleging that "[o]n January 31st, 2008 . . . the Plaintiff obtained and Secured [sic] a loan from Wells Fargo Home Mortgage." (Dkt. No. [1] at 1.) Given the facial contradiction in facts alleged in the Complaint with respect to the transfer of the loan as well as the information provided in the security deed, Plaintiff's RESPA claim fails.

    B.    TILA Claims

Plaintiff's TILA claims are predicated on Defendant's alleged failure to provide disclosures required under TILA prior to the closing of the loan. Plaintiff seeks both rescission of the subject loan agreement as well as money damages. (Dkt. No. [1] at 2-3, 5). Defendant argues that Plaintiff's TILA claims for damages are time barred because they have been filed after the one year statute of limitations expired. Defendant also asserts that Plaintiff is not entitled to rescission under TILA because the statute's rescission provisions do not apply to residential mortgage transactions, such as the subject loan. (See Dkt. No. [2-2] at 5-6, 8).

Actions for monetary damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); see also Velardo v. Fremont Investment & Loan, 298 F. App'x 890, 892 (11th Cir. 2008); Martin v. Citimortgage, Civ.A. No. 1:10-CV-00656-TWT-AJB, 2010

6

WL 3418320, at * 5 (N.D. Ga. Aug. 3, 2010).  The Court concludes that Plaintiff's claims for damages under TILA are time barred.  Plaintiff's claims with respect to Defendant's alleged failure to provide certain disclosures arose in January 2008, when the loan closed, yet Plaintiff waited until July 2010 to file the lawsuit raising these claims.  Therefore, these claims for damages are untimely, as they were filed well after the one year statute of limitations expired.

Moreover, while TILA allows for the remedy of rescission, this remedy "does not apply to ... a residential mortgage transaction,"15 U.S.C. § 1635(e)(1).  A residential mortgage transaction is a transaction in which a mortgage or other equivalent security interest "is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."  Id. at § 1602(w); see also Simpson v. Countrywide Home Loans, Civ.A. No. 1:10-CV-0224-CAM-ECS, 2010 WL 3190693, at *4 (N.D. Ga. Apr. 26, 2010) (dismissing plaintiff's claim for rescission under TILA where plaintiff alleged that the loan in question was used to secure his "principal dwelling").  Here, the Complaint alleges that the subject loan was for the purchase (i.e., the initial acquisition) of the subject property.  Therefore, TILA provides no basis for granting the remedy of rescission in the present case.

7

C.     Other Claims

Plaintiff also generally alleges claims for fraud and usury. (See Dkt. No. [1] at 3-4, 9-10, 12-14, 16, 25-26, 30). The Complaint provides no independent basis for the Court to exercise jurisdiction over these claims. The Complaint alleges federal question jurisdiction, but does not appear to allege diversity jurisdiction. (See Dkt. No. [1] at 3). Moreover, even if Plaintiff did allege diversity jurisdiction, it is unclear from the face of the Complaint that the parties are actually diverse. Therefore, because the Court has dismissed all federal claims over which it has jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c). Therefore, these claims are **DISMISSED** without prejudice.

## Conclusion

For the aforementioned reasons, Defendant's Motion to Dismiss Plaintiff's Complaint [2] is **GRANTED** as to Plaintiff's federal law claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are dismissed without prejudice.

**SO ORDERED**, this   7th   day of December, 2010.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)